UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CARLOS RUIZ FLOREZ,

                       Plaintiff,        Case No. 25-cv-00540

    -against-

LUNALYN LLC and SUNNY'S BAR LTD.,

                       Defendants.
---------------------------------------------------------X

## CONSENT DECREE

1.      This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff CARLOS RUIZ FLOREZ ("Plaintiff") and Defendants LUNALYN LLC and SUNNY'S BAR LTD. ("Defendants"). Plaintiff and Defendants shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

### RECITALS

2.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.      On or about Janaury 30, 2025, Plaintiff filed this action in the United States District Court for the Eastern District of New York (the "Court"), captioned Florez v. Sunny's Bar, LTD. et al. (25-cv-00540) (the "Action"). Plaintiff alleges that Defendants' facility located

at 253 Conover Street, Brooklyn, New York (the "Facility") contains architectural barriers that violate Title III of the ADA and the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36 App. A ("ADAAG").

4. Defendants expressly deny that the Facility violates any federal, state or local law, including the ADA and ADAAG, and they deny any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendants do not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by Plaintiff, individually, but is intended to inure to the benefit of all persons with disabilities as defined by the ADA who may access the Facility, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

## JURISDICTION

7. The Court has jurisdiction over this Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendants agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

## DEFINITIONS

9. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

## REMEDIATION

10. Defendants shall make the following modifications to the Facility within six (6) months of the Effective Date:

Entrance and Exterior:

1. Defendants shall post a sign in the front window with the bar's phone number for assistance with the portable already available.
2. Defendants shall provide a push/pull signage for clarity at the front door.
3. The same ramp as referenced in Item 1 shall be used to access the exterior dining area.

Interior Dining Areas:

5. Defendants shall designate an accessible area in the bar room with appropriate signage.
6. Defendants shall maintain an accessible table with adequate underside clearance in the interior dining room.
7. Defendants shall provide an accessible table in the area of the bar.
8. Defendants shall provide a portable ramp to access the garden area.
9. Defendants shall provide a designated accessible garden table with appropriate signage.
10. Defendants shall provide an accessible table upon request in the back room.
11. Defendants shall provide a portable ramp for access to the back room.

Restroom:

11. Defendants shall provide compliant signage for one of the restrooms.
12. Defendants shall equip the designated restroom with grab bars, a properly positioned mirror, and a coat hook at the appropriate height.
13. Defendants shall lower the hand dryer to the requested height.

11. The remediation time period specified above shall be subject to extension for acts of God, force majeure, or events beyond the control of Defendants such as inability to obtain building or zoning permits, failure of city/county inspectors to make inspections, contractor defaults, or work stoppages. In the event of such circumstances, the time period for completion shall be extended by the number of days reasonably attributable to such delay-causing event.

## SPECIFIC RELIEF TO PLAINTIFF

12. Defendants agree to pay Plaintiff the sum of $8,000 in full and complete settlement of any and all claims for damages, attorneys' fees, costs, and litigation expenses incurred by Plaintiff in connection with the Action. Payment shall be made as specified in the separate Settlement Agreement between the Parties dated March 31, 2025.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

13. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with disabilities as defined by the ADA who access the Facility, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

14. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendants, to this Consent Decree.

## RELEASE

15. Plaintiff, on behalf of himself and his heirs, executors, administrators, assigns, and successors, hereby releases, remises, and discharges Defendants and all their past, present and future parents, subsidiaries, and affiliates and their respective officers, directors, agents, employees, shareholders, contractors, representatives, predecessors, successors, and assigns from all actions, either at law or in equity, whether known or unknown, which relate to all claims asserted or which could have been asserted in the Action, but does not release claims to enforce this Consent Decree.

## ENFORCEMENT AND OTHER PROVISIONS

16. This Consent Decree contains the entire agreement of the Plaintiff and the Defendants concerning the subject matter hereof, and no other prior or contemporaneous agreements, oral or written, or negotiations between the Parties relating to the subject matter of this Consent Decree, shall be deemed to exist. No representations or warranties other than those contained herein have been made by any of the Parties.

17. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

18. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## CONSENT DECREE HAS BEEN READ

19. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

[SIGNATURES APPEAR ON THE NEXT PAGE]

IN WITNESS WHEREOF, the Parties hereunto signed their names on the day and year written below.

PLAINTIFF

Carlos Ruiz Florez

Dated: 3/31/25

*[signature: Carlos Florez]*

DEFENDANTS

Lunalyn LLC

Dated: 3/31/2025

By: *[signature]* TONE BALZANO JOHANSEN

Name: President

Sunny's Bar LTD

Dated: 3/31/2025

By: *[signature]* TONE BALZANO JOHANSEN

Its: President

APPROVED AS TO FORM AND CONTENT:

PLAINTIFF'S COUNSEL

Law Office of Jennifer E. Tucek, PC

Dated: 3/31/25

By: *[signature]* Jennifer Tucek

Its: President

                                                     DEFENDANTS' COUNSEL

                                                     **Capell Barnett Matalon & Schoenfeld LLP**

Dated: __3/31/2025__                        By: __Travis Tatko__

                                                          Its: __Partner__

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 36 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

/S/ Frederic Block  4-1-2025
_____
U.S.D.J.